**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000157**
**07-MAY-2026**
**08:04 AM**
**Dkt. 63 SO**

NO. CAAP-24-0000157

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
INDIRA D. LOPEZ RUIZ, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-23-0003793)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, and Leonard and Wadsworth, JJ.)

Defendant-Appellant Indira D. Lopez Ruiz (**Lopez Ruiz**) appeals from the Notice of Entry of Judgment and/or Order (**Judgment**) entered on February 22, 2024, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1] Following a bench trial, Lopez Ruiz was convicted of Disorderly Conduct, in violation of Hawaii Revised Statutes (**HRS**) § 711-1101(1)(b) and (3).[2] The charge stemmed from an incident in

---

[1] The Honorable Thomas A.K. Haia presided.

[2] HRS § 711-1101 (2014) states, in relevant part:

   **Disorderly conduct.** (1) A person commits the offense of disorderly conduct if, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, the person:

   . . . .

   (b) Makes unreasonable noise;

   . . . .

   (3) Disorderly conduct is a petty misdemeanor if it

which Lopez Ruiz allegedly awakened her neighbor in an adjacent unit, Rianne Sanchez, and Sanchez's boyfriend at 1:00 a.m. by yelling, knocking on walls, and, then, by knocking on Sanchez's front door and shining a flashlight through her window.

On appeal, Lopez Ruiz contends that the Judgment must be reversed or vacated because: (1) there is not substantial evidence that Lopez Ruiz caused or risked causing physical inconvenience or alarm by a member or members of the <u>public</u>; (2) the District Court erred by basing its verdict on the contents of a police body-worn camera video played in court on the State's laptop computer, after improperly overruling the defense's foundation objection; (3) even if the trial transcript of the challenged video is considered, there is not substantial evidence supporting Lopez Ruiz's disorderly conduct conviction; (4) the District Court's finding that Lopez Ruiz "merely 'had the intent to cause inconvenience'" proves that she was not guilty of disorderly conduct; (5) judicial bias deprived Lopez Ruiz of a fair trial; and (6) the District Court erred by denying Lopez Ruiz her right to presentence allocution.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Lopez Ruiz's contentions as follows, and reverse.

Lopez Ruiz's first contention is dispositive. She argues that there is no substantial evidence that she acted with the "intent to cause physical inconvenience or alarm by <u>a member or members of the public</u>, or reckless[ly] created a risk thereof" because "Sanchez and the people in her residence are not members of the public" for purposes of HRS § 711-1101(1). She further argues that there is no evidence that anyone else was "actually inconvenienced or that there was a substantial and unjustifiable risk that anyone other than the people in Sanchez's residence might have been inconvenienced."

Lopez Ruiz relies on the Hawaiʻi Supreme Court's

is the defendant's intention to cause substantial harm or serious inconvenience, or if the defendant persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a violation.

decision in State v. Kaeo, 151 Hawaiʻi 329, 333, 512 P.3d 154, 158 (2021), which reversed a conviction for disorderly conduct. There, the defendant protestor had "laid in front of trucks scheduled to transport telescope components for the Daniel K. Inouye Solar Telescope (DKIST)[,]" which inconvenienced "[a]bout twenty transport convoy workers – all affiliated with, if not employed by, the DKIST[.]" Id. at 330, 512 P.3d at 155. The court ruled that the word "public" as used in HRS § 711-1101(1) means the "community or the people as a whole." Id. at 332, 512 P.3d at 157. The court reasoned:

> [The convoy workers] were not part of the "community or the people as a whole." They were the subset of people tasked with facilitating the DKIST's construction. They were the very group [the defendant] targeted with his conduct. This conceptual nexus between [the defendant's] conduct and the convoy workers' presence at the Baseyard because of their DKIST ties precludes us from treating the convoy workers as "members of the public."

Id. at 334, 512 P.3d at 159 (emphases added). The court held that because the convoy workers were not members of the public and the State presented no evidence that the defendant inconvenienced anyone other than the convoy workers, the trial court lacked sufficient evidence to convict the defendant of disorderly conduct. Id. at 335, 512 P.3d at 160.

The court's reasoning in Kaeo applies with equal force here. During the bench trial, Sanchez testified that on the night of the incident, she and her boyfriend were awakened by "yelling" and "knocking on the walls" "around 1 a.m." Sanchez heard Lopez Ruiz saying, "cut it out, cut it out, my – my electricity's not working[,]" and accusing Sanchez and her boyfriend of "playing with her electricity[.]" Sanchez then "heard [Lopez Ruiz] exit her unit, come to our front door, knock on our front door, shine . . . her flashlight through the window[,]" which is when Sanchez called the police. Sanchez's testimony, which the District Court found credible, showed that Lopez Ruiz had directed her conduct (*i.e.*, her "unreasonable noise") at Sanchez and her boyfriend, whom Lopez Ruiz believed were "playing with her electricity[.]" In these circumstances, Sanchez and her boyfriend were not part of the "community or the people as a whole" and thus not "members of the public" for

purposes of HRS § 711-1101(1).  Kaeo, 151 Hawaiʻi at 334, 512 P.3d at 159; see id. at 334 n.11, 512 P.3d at 159 n.11 (noting that in State v. Leung, 79 Hawaiʻi 538, 904 P.2d 552 (App. 1995), the court "did not consider the theater manager – a target of Leung's ire - a 'member of the public' within the context of the disorderly conduct statute") (emphasis added).  Because there was no evidence presented of actual inconvenience (or a substantial and unjustifiable risk of it) to anyone other than Sanchez and her boyfriend, Lopez Ruiz's disorderly conduct conviction under HRS § 711-1101(1)(b) and (3) is not supported by substantial evidence.

In light of our disposition, we need not reach Lopez Ruiz's remaining contentions.

For the reasons discussed above, the Notice of Entry of Judgment and/or Order entered on February 22, 2024, in the District Court of the First Circuit, Honolulu Division, is reversed.

DATED:  Honolulu, Hawaiʻi, May 7, 2026.


On the briefs:

Henry P. Ting,
Deputy Public Defender,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge


/s/ Katherine G. Leonard
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge